# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6822 | **DATE** | 5/31//2000 |
| **CASE TITLE** | THE DAVIS COMPANIES INC., et al vs. EMERALD CASINO, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to compel production of documents, or, in the alternative, for in camera inspection [65-1] is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN - 5 2000 | |
| | Notified counsel by telephone. | date docketed | 70 |
| ✓ | Docketing to mail notices. | JS | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| The Davis Companies Inc., et al., <br><br> Plaintiffs, <br><br> Emerald Casino, Inc, et al., <br><br> Defendants. | No. 99 C 6822 |

**DOCKETED JUN - 5 2000**

## MEMORANDUM OPINION AND ORDER

Before us is defendant's motion to compel production of the memorandum authored by David Filkin on December 2, 1998 as to which respondents (David Filkin, Duchossois Industries and Arlington International Race Course, Inc.) claim attorney -- client privilege. The relevance of the memo stems from the fact that it was drafted the day after a series of meetings between Mike Colleran, Executive Vice President for plaintiff, Davis Companies Inc., and Kevin Flynn, alleged representative of Emerald Casino (formerly H.P. Inc.) -- defendant in this case; also between Kevin Flynn and Richard Duchossois (principal in Duchossois Industries Inc.) and David Filkin (counsel and Vice President of Duchossios Industries Inc.); as well as a meeting between Duchossois, Filkin and Kevin Flynn. These three meetings all took place on December 1, 1998. On that same date Mr. Filkin made some notes of these various meetings. These notes have been produced without objection. The next day Mr. Filkin drafted a "formal" memo about the same subject matter which was distributed to Mr. Duchossois and a Mr. Scott A. Mordell

1



(Arlington's CEO). It is this memo which is at issue.

At the first hearing on defendant's motion we, in effect, granted the motion in part by requiring that the memorandum be submitted for *in camera* inspection. Defendants raise several issues in arguments in support of their motion to compel. First, they assert that the burden of establishing the facts that give rise to the attorney client privilege rests with the party asserting the privilege. They argue that the only support for the claim of privilege set forth by plaintiff's and respondents is the rather cryptic privilege log. This log, they further argue, does not describe the specific subject matter of the memorandum, the specific recipients, whether it contains factual and/or legal analysis or whether it reveals any confidential information imparted in confidence to Filkin by his client. In addition, the privilege log states that the memo was prepared for "corporate management" and pertains to business transactions. To the extent that the memo contains factual information about the meeting with Mr. Colleran it is not privileged.

Defendants further argue that even if the document contains legal advice the attorney -- client privilege does not apply unless the advice relates to or reflects a prior confidential client communication. Descriptions of the discussions between Kevin Flynn and Michael Colleran and, or of the discussions between either Flynn or Colleran and Mr. Duchossois do not qualify as a confidential communication between client and attorney. Movants further argue that a privilege which might have applied has been waived by the production of the Filkin notes authored on the same day as he meetings

In letters of May 16th and May 24th respondents point out that the memo was intended to be confidential from its inception and, by virtue of its limited circulation, has been kept confidential. Mr. Mordell is argued to be an agent of Mr. Duchossois and showing the memo to him does not, therefore, defeat the confidential nature of the document. Respondents also assert that Mr. Filkin occasionally represents Mr. Duchossois personally in connection with business ventures or potential business investments. Similarly, respondents assert that Mr. Mordell on occasion is asked for advice by Mr. Duchossois on potential personal investments. At the time the document was created Mr. Filkin designated it as "ATTORNEY -- CLIENT PRIVILEGE Prepared by the Legal Department at the request, and for the exclusive use of Corporate Management". Respondents assert that the document was created at Mr. Duchossois' request for discussion purposes with his legal counsel. That during those discussions legal advice was rendered.

We have reviewed the document *in camera* and find virtually no difference between the memorandum and the notes already produced. Nor do we find that the document contains any significant legal opinion or reflects or relates to a prior confidential communication. On the contrary, the entire document appears to relate to and reflect the December 1, 1998 meeting between Duchossois, Filkin and Colleran as well as the brief conversation with Kevin Flynn just prior to that meeting. In the memorandum Mr. Filkin relates the fact of the meeting with Mr. Colleran, the length of the meeting and Mr. Colleran's description of his prior meeting with Kevin Flynn; the percentage of interest going to each party, as in the notes, the decision-making structure of the contemplated entity and so on -- paralleling point by point the already disclosed

notes. We find no basis for the claim of attorney client privilege with respect to this document. The motion to compel production is, therefore, granted. Movants are given five days to respond to Respondents' request for a protective order that the memorandum be used for purposes of this litigation only and not be produced to the press. Should defendants fail to oppose such a protective order within five days, then respondents are directed to turn over the memorandum which will then be subject to a protective order that it be used for purposes of this litigation only. If opposition to the protective order is filed, then the respondents are directed to withhold delivery of the memorandum until such time as the issue has been brought before the court and ruled upon.

SO ORDERED                                                    ENTERED: May 31, 2000

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge